CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 12, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| WAKEEL ABDUL-SABUR, | ) | |
|     Petitioner, | ) | Civil Action No. 7:26cv00220 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Robert S. Ballou |
|     Respondent. | ) | United States District Judge |

Petitioner Wakeel Abdul-Sabur, a Virginia inmate proceeding *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, challenging the calculation of his sentence by the Virginia Department of Corrections and/or the Federal Bureau of Prisons because six months of his pretrial confinement has not been credited to either sentence. Upon preliminary review, I must dismiss the petition without prejudice as a successive state petition and as an unexhausted and premature federal petition.

## I. RELEVANT BACKGROUND

In April 1999, Sabur was convicted in Albemarle County Circuit Court for several offenses, receiving a total active sentence of 25 years. He was sentenced to additional time in other courts in the Commonwealth, ultimately receiving 57 years, 4 months of state time. On May 30, 2000, he was sentenced in this court to 46 months in the Federal Bureau of Prisons. The BOP has lodged a detainer with the Virginia Department of Corrections for him to begin serving his federal sentence upon his release from Virginia. According to the Virginia DOC inmate locator, Sabur's current release date from state custody is May 29, 2046.

After he was sentenced in Albemarle County and before he was transported to the Virginia DOC, Sabur states that he was incarcerated in the Roanoke City Jail under the custody of United States Marshals for approximately six months. He has not been given credit for that

time by the state, because they will not give him credit for time in federal custody. He has not yet been given credit for that time by the BOP because he is not yet in BOP custody. He asks this court to order that the DOC or the BOP give him credit for his yet uncredited jail time.

In his petition, he states that he has not filed a grievance, appeal, or sought an administrative remedy for this issue, nor does it appear that he has filed a state habeas petition challenging the calculation of his state sentence. He has filed petitions under 28 U.S.C. § 2254 challenging other aspects of his state sentences,[1] and he has filed previous petitions under 28 U.S.C. § 2255, challenging his career offender designation in federal court, among other issues.

## II. DISCUSSION

### A. Challenge to VDOC Calculation of Sentence

Regardless of how a petitioner captions his habeas petition, a petition filed by a prisoner "in custody pursuant to the judgment of a State court should be treated as" an application under § 2254, even if challenging the execution or computation of the sentence. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). Accordingly, the petition is subject to the requirement of second-or-successive authorization by the Circuit Court of Appeals. *Id.* Such a petition is also subject to the explicit exhaustion requirements of § 2254, meaning that the claims must be presented to the state's highest court before a federal habeas petition is filed. *Clay v. Clarke*, No. 2:17-cv-627, 2018 WL 5305676, at *6 (E.D. Va. Aug. 22, 2018). Because Sabur did not get preapproval from the Fourth Circuit to file a successive § 2254 petition, I cannot consider his claim challenging the

---

[1] *Sabur v. Commonwealth*, No. 7:08cv00230 (W.D. Va. April 17, 2008) (dismissing § 2254 petition as untimely); *Sabur v. Clarke*, No. 7:14cv00147 (W.D. Va. April 21, 2014) (dismissing § 2254 petition without prejudice as successive); *Sabur v. Clarke*, No. 7:15cv00232 (W.D. Va. June 15, 2015) (dismissing successive § 2254 petition without prejudice); *Sabur v. Clarke*, 7:15cv00695 (W.D. Va. Jan. 29, 2016) (dismissing successive § 2254 petition without prejudice); *Sabur v. State of Virginia*, No. 7:18cv00367 (W.D. Va. July 30, 2018) (dismissing successive § 2254 petition without prejudice); *Sabur v. Commonwealth*, No. 7:19cv00035 (W.D. Va. Feb. 5, 2019) (dismissing successive § 2254 petition without prejudice).

state's failure to give him credit for jail time before he was transferred to the Virginia DOC.  I will dismiss that claim without prejudice.

## B.  Challenge to Federal Sentence Calculation

The Bureau of Prisons is responsible for granting an inmate credit against his criminal sentence for jail time served before sentencing.  *United States v. Wilson*, 503 U.S. 329, 334 (1992).  Once an inmate is in federal custody and designated to a BOP facility, the sentence and appropriate credits are computed by the Designation and Sentence Computation Center in Grand Prairie, Texas.  Once the sentence has been calculated, if the inmate is dissatisfied, he may appeal using the BOP Administrative Remedy Process.  *Sentence Computations*, www.bop.gov/inmates/custody_and_care/sentence_computations.jsp.  Once Sabur has received the BOP sentence calculation and anticipated release date, if he disagrees with it at that time, he should fully exhaust the administrative remedies available.  Even under § 2241 petitions, federal courts require exhaustion of administrative remedies before considering a prisoner's claims. *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010).

Sabur has not yet been designated to a federal facility and will not be for another approximately 20 years.  The BOP cannot possibly know today which facilities will be operational and how many people will be incarcerated in each prison 20 years from now.  Until Sabur is designated and his federal release date is then calculated, he cannot exhaust his administrative remedies; until he exhausts his administrative remedies, his claim cannot be considered by this court.  Assuming the Designation and Sentence Computation Center accurately credits Sabur's time, a habeas petition may not even be necessary.  It is premature to consider the claim now, and the petition will be dismissed without prejudice to his right to refile

if there is a need to do so after his release date is calculated and all administrative remedies have been exhausted.

### III. CONCLUSION

For the reasons stated above, I will dismiss Sabur's petition without prejudice. An appropriate order will be entered this day.

Enter:  May 12, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge